UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**GAIL HARBISON, et al,**<br><br>Defendants. | 2:25-CV-10070-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT<br>AND<br>ENTERING JUDGMENT AGAINST JOHN HARBISON AND WILLIAM HARBISON<br>(ECF NO. 21)** |

This is an interpleader action that Metropolitan Life Insurance Company ("Plaintiff") filed on January 9, 2025, to determine to whom insurance benefits should be paid. ECF No. 1, PageID.8. At issue is who should receive the life insurance benefits of Thomas A. Harbison ("Decedent"): Gail Harbison, Decedent's widow, John Harbison, William Harbison, Katherine Diley and Matthew Harbison, Decedent's children, and Varmeulen-Sajewski Funeral Homes, LLC, who Gail Harbison paid $6,989.50 of benefits for Decedent's funeral. *Id.* at PageID.1-3, PageID.7.

Diley, Gail Harbison, and Varmeulen-Sajewski Funeral Homes, LLC filed Answers to Plaintiff's Complaint. ECF Nos. 10; 11; 12. But John, William, and Matthew Harbison have not filed Answers nor appeared. On April 16, 2025, the Clerk of Court entered defaults against

John and William Harbison. ECF Nos. 18; 19. Now, Plaintiff moves for the entry of a default judgment against John and William Harbison, such that they forfeit any claim of entitlement to the life insurance benefits of Decedent. ECF No. 21, PageID.210, PageID.218-19.

Courts grant this remedy in interpleader cases. *See Mt. Carmel Mercy Hosp. v. United States*, 702 F. Supp. 627, 628 (E.D. Mich. 1989) (Gilmore, J.) (granting default judgment against defaulted parties with respect to the interpleader fund); *New York Life Ins. Co. v. Scrimger*, No. 2:19-CV-10146, 2020 WL 6075522, at *2 (E.D. Mich. Oct. 14, 2020) (Tarnow, J.) (entering default judgment against would-be interpleader claimants who were served and failed to respond).

This remedy is appropriate. The Court may grant default judgment against a defendant who fails to respond to a complaint within 21 days of service. Fed. R. Civ. P. 12(a)(1)(A)(i); Fed. R. Civ. P. 55. Plaintiff served John Harbison and William Harbison with the Complaint on February 24, 2025, more than 21 days ago. *See* ECF Nos. 7; 9. Here, where Plaintiff seeks a judgment that is not for "a sum certain," Plaintiff must apply to the Court—as they did—for default judgment. Fed. R. Civ. P. 55(b)(2). Under the circumstances of this Motion, the Court need not conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2); *see also New York Life Ins. Co.*, 2020 WL 6075522, at *2. John and William Harbison were obligated to respond to Plaintiff's

interpleader complaint to preserve their right to share in the life insurance benefits, but they have not done so. Moreover, Plaintiff served their Motion by certified mail on John and William Harbison on May 7, 2025. ECF No. 21, PageID.220. The time to respond to this Motion under Local Rule 7.1 has passed.

Therefore, the Court **ORDERS** as follows:

1. Plaintiff's motion for default judgment against William Harbison and John Harbison is **GRANTED**.

2. Judgment is entered in favor of Plaintiff and against William Harbison and John Harbison. Neither William Harbison nor John Harbison are entitled to any share of the judgment proceeds in the underlying interpleader action; and

3. Plaintiff, Ford Motor Company ("Ford") and the ERISA-regulated employee welfare benefit plan sponsored by Ford for the benefit of its employees and retirees are discharged from further liability to William Harbison and John Harbison relating to the life insurance benefits at issue in the underlying interpleader action.

**SO ORDERED**.

Dated: May 29, 2025        /s/Terrence G. Berg
                           HON. TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE